UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY LAWSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-00282-JMS-MJD |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Jeremy Lawson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-02-0098. For the reasons explained in this entry, Mr. Lawson's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On February 8, 2013, Corrections Officer S. Willever wrote a Report of Conduct in case IYC 13-03-098 charging Mr. Lawson with engaging in an unauthorized financial transaction. The conduct report states:

> On February 8, 2013[,] at approximately 11:41 p.m.; (sic) while monitoring PCS offender phone service, I Officer S. Willever did clearly hear Lawson, Jeremy D.O.C. # 163040 read off a 14 digit # associated with a financial transaction to his mother (Diana Lawson). Phone # (317) 586-5120[.] This occurred 4 min. 26 sec. into the call.

[Filing No. 17-1].

On February 9, 2013, Mr. Lawson was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and did not request a witness. Mr. Lawson did not request any physical evidence. [Filing No. 17-2].

The hearing officer conducted a disciplinary hearing in case IYC 13-03-098 on February 11, 2013, and found Mr. Lawson guilty of the charge of engaging in an unauthorized financial transaction. In making this determination the hearing officer considered the staff reports and the offender's statement. Based on the hearing officer's recommendations the following sanctions were imposed: a seven (7) day loss of phone privileges, and a thirty (30) day deprivation of earned credit time. The hearing officer recommended the sanctions because of the likelihood of the sanction having a corrective effect on the offender's future behavior. [Filing No. 17-4].

Mr. Lawson appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Mr. Lawson is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) there were violations of the Indiana Department of Correction's Adult Disciplinary Code; and 2) he was denied evidence.

In ground one of the petition, Mr. Lawson's first claim is based upon the rules and procedures of the Indiana Department of Correction. Relief is not available for that claim in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire,* 502 U.S. 62, 68 at n. 2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride,* 966 F.Supp. 765, 774–75 (N.D.Ind.1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations.").

Mr. Lawson also disputes that the Adult Disciplinary Code's definition for unauthorized financial transaction accurately describes the exchange of a 14-digit Green Dot number. [Filing No. 1, at ECF p. 3-4]. He asserts that the more accurate charge was possession of money/currency because "the fourteen (14) digit number referred to as a greendot number on the conduct report is money/currency, due to the fact that the fourteen (14) digit number retains a prepaid value of money." [Filing No. 1, at ECF p. 3]. Mr. Lawson's theory ignores the fact that the 14 digit number, which represents a certain sum of money, enables a user to complete a financial transaction. Thus, Mr. Lawson was properly charged with engaging in an unauthorized financial transaction when he provided his mother with a 14 digit Green Dot number.

To the extent Mr. Lawson's claim can be understood as attacking the sufficiency of the evidence, the evidence was sufficient to support a guilty finding. According to the conduct report,

which is sufficient evidence because a conduct report alone may suffice as "some evidence." *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient), Mr. Lawson was heard on the telephone with his mother as he read a 14 digit number to her. A 14-digit number or code corresponds with numbers on a Green Dot or similar prepaid debit card that represents a sum of money that can be used similarly to a credit or debit card. Unfortunately, the record in this matter fails to include any explanation as to what a 14 digit Green Dot number is. However, 1:14-cv-251, *Lawson v. Servier*, and 1:14-cv-281, *Lawson v. Superintendent*, involved the same petitioner, the same hearing officer (see 1:14-cv-251), the same disciplinary charge, and a similar sets of facts. Moreover, these other two cases included an affidavit from the reporting officer explaining what a 14 digit Green Dot number is, and why it is prohibited by the Indiana Department of Correction. The Court may takes judicial notice of the record in the other matters particularly those involving the same petitioner. As such, the evidence here was constitutionally sufficient to support a finding that Mr. Lawson was guilty of engaging in an unauthorized financial transaction.

In ground two of the petition, Mr. Lawson again alleges his was deprived of his due process when the hearing officer failed to follow the policies set forth Adult Disciplinary Code and provide him with the telephone call recording as evidence. Offenders have limited procedural rights during a prison disciplinary proceeding. *Wolff*, 418 U.S. at 563-567. Moreover, a violation of the Adult Disciplinary Code is a state law claim and not available for habeas relief. *Hester*, 966 F.Supp. at 774-75. Mr. Lawson did not request any evidence when he signed the screening report, [Filing No. 17-2], and is not entitled to relief on these grounds

Finally, in grounds three and four of the petition, Mr. Lawson claims the disciplinary hearing officer stacked five charges against him, and the Final Reviewing Authority failed to remedy this error. However, he has not provided any credible evidence, such as conduct reports,

to this Court to show that the reports of conduct in case numbers IYC 13-02-097 and IYC 13-02-098 are based on the same incident. And Mr. Lawson admits that any of the duplicate reports of conduct were dismissed by the Final Reviewing Authority. Mr. Lawson is not entitled to relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Lawson's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:     04/20/2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeremy Lawson, #163040
Miami Correctional Facility
Inmate Mail/parcels
3038 West 850 South
Bunker Hill, Indiana 46914

Electronically registered counsel